UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO.: _____ |
| | : |
| v. | : VIOLATIONS: |
| | : |
| SCOTT Q. SMITH, | : 18 U.S.C. § 1546(a) |
| | : (Fraud and Misuse of U.S. Passport) |
| Defendant. | : |
| | : 18 U.S.C. § 2 |
| | : (Aiding and Abetting and Causing an Act |
| | : to be Done) |
| | : |
| | : CRIMINAL FORFEITURE: |
| | : |
| | : 18 U.S.C. § 981(a)(1)(C); |
| | : 18 U.S.C. § 982(a); |
| | : 28 U.S.C. § 2461(c); |
| | : 21 U.S.C. § 853(p) |
| | : |

## INFORMATION

The United States Attorney for the District of Columbia charges that:

### COUNT ONE

At all times relevant to this Information:

1. The Washington Passport Agency was located at 600 19th Street, N.W., Washington, D.C. In 2007, defendant Scott Q. Smith ("SMITH"), a United States citizen, worked as a Passport Specialist at the Washington Passport Agency. SMITH's responsibilities included screening applications for United States passports, interviewing applicants for such passports, and finally deciding, or adjudicating, whether to issue United States passports to such applicants.

2. In 2007, SMITH lived in an apartment complex in Virginia. P.L. and her daughter, P.W., both non-United States citizens, also lived in the complex.

3. On or about October 23, 2007, P.L. met SMITH at SMITH's Virginia residence. There, P.L. completed an application for a United States passport for herself, and completed a second application for a United States passport for P.W. P.L. paid SMITH at least $500.00 in cash for both passports. SMITH accepted the payment.

4. P.L. never personally appeared at the Washington Passport Agency to submit her passport application. Nor did SMITH review proper documentary proof to ensure that P.L. was a United States citizen, or verify the information in the passport application.

5. At the Washington Passport Agency, SMITH processed the applications for P.L. and adjudicated that is was sufficient. On or about October 27, 2007, SMITH issued a United States passport to P.L.

6. On or about August 18, 2014, SMITH admitted to law enforcement agents that he had fraudulently issued the passport to P.L.

7. On or about October 24, 2007, in the District of Columbia, defendant SCOTT Q. SMITH did knowingly utter, possess, obtain, accept, and receive a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, namely, the United States Passport issued to P.L., knowing it to have been procured by means of a false claim or statement, and to have been otherwise procured by fraud and unlawfully obtained.

(**Fraud and Misuse of Visas, Permits, and Other Documents** and **Aiding and Abetting and Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 1546(a) and 2)

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense, and any property, real or personal, that was used to facilitate the commission of the offense, or was intended to be used to facilitate, the commission of the offense, pursuant to 18 U.S.C. § 982(a)(6). The United States will seek a forfeiture money judgment against the defendant in the amount of $800.

2. Upon conviction of the offense alleged in Count Two, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will seek a forfeiture money judgment against the defendant in the amount of $800.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28,United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

_____
David J. Mudd
Assistant United States Attorney
D.C. Bar Number 995-154
National Security Section
United States Attorney's Office
555 Fourth Street, N.W., 11th Floor
555Washington, DC 20530
(202) 252-7785
david.mudd2@usdoj.gov

4